NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6683
    Facsimile: (213) 894-6269
    Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone:  (714) 338-3598
    Facsimile:  (714) 338-3708
    Email:      Brett.Sagel@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN RE: SEARCH WARRANTS | No. 8:19-MJ-242<br>No. 8:19-MJ-243<br>No. 8:19-MJ-244<br>No. 8:19-MJ-247<br>No. 8:19-MJ-419<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER UNSEALING DOCUMENTS; DECLARATION OF JULIAN L. ANDRÉ |
|---|---|

The government applies ex parte for an order directing that the Court unseal the following above-captioned sealed matters, including the search warrants and all attachments thereto, and the applications for the search warrant and all attachments thereto:

1     1. <u>In re: Search of 10000 Santa Monica Boulevard, Unit 2205</u>, Case No. 8:19-MJ-242;

2     2. <u>In re: Search of 4491 Rainbow Lane</u>, Case No. 8:19-MJ-243;

3     3. <u>In re: Search of 1910 West Sunset Boulevard, Suite 450</u>, Case No. 8:19-MJ-244;

4     4. <u>In re: Search of 10000 Santa Monica Boulevard, Unit 2107</u>, Case No. 8:19-MJ-247; and

5     5. <u>In re Search of Ten Digital Devices</u>, Case No. 8:19-MJ-419.

As set forth in the attached declaration of Assistant United States Attorney Julian L. André, the government no longer believes there is a sufficient basis for maintaining under seal the search warrants and search warrant applications in the above referenced matters. Specifically, the government no longer believes that disclosure of the search warrants and search warrant applications would negatively impact the government's ongoing criminal investigation or pending prosecution of defendant MICHAEL JOHN AVENATTI ("defendant") in <u>United States v. Avenatti</u>, SA CR No. 19-061-JVS. Additionally, at this time, the majority of the information contained in the search warrant applications is already publicly known.

The government therefore requests that the above-captioned matters (case numbers 8:19-MJ-242, 8:19-MJ-243, 8:19-MJ-244, 8:19-MJ-247, and 8:19-MJ-419) and all documents filed therein be unsealed in their entirety, with the exception of the search warrant returns and inventories filed in case number 8:19-MJ-243 at docket number 6 and in case number 8:19-MJ-244 at docket number 6. The government requests that these two search warrant returns remain under seal

because the inventories attached thereto contain identifying information regarding victims and potential witnesses.

This ex parte application is based on the declaration of Julian L. Andre and the records and files in this cases, including the applications for search warrant and attachments thereto.

Dated: January 10, 2020           Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

*/s/ Julian Andre*
_____
JULIAN L. ANDRÉ
BRETT A. SAGEL
Assistant United States Attorneys

Attorneys for Applicant
UNITED STATES OF AMERICA

**DECLARATION OF JULIAN L. ANDRÉ**

I, Julian L. André, declare as follows:

1. I am an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Central District of California. I, along with AUSA Brett A. Sagel, represent the government in case numbers 8:19-MJ-103, 8:19-MJ-242, 8:19-MJ-243, 8:19-MJ-244, 8:19-MJ-247, and 8:19-MJ-419, the ongoing investigation of defendant MICHAEL JOHN AVENATTI ("defendant AVENATTI"), and the pending prosecution of defendant AVENATTI in United States v. Avenatti, SA CR No. 19-061-JVS. I submit this declaration in support of the government's ex parte application to unseal the search warrants and search warrant applications filed in case numbers 8:19-MJ-242, 8:19-MJ-243, 8:19-MJ-244, 8:19-MJ-247, and 8:19-MJ-419.

2. In connection with the government's investigation of defendant AVENATTI, on or about February 22, 2019, in case number 8:19-MJ-103, the Honorable Douglas F. McCormick, United State Magistrate Judge, authorized a warrant to search seven digital devices in the custody of the Internal Revenue Service – Criminal Investigation ("IRS-CI"), which had been obtained from former employees of defendant AVENATTI's coffee company, Global Baristas US LLC ("GBUS"). The search warrant application and the search warrant were initially filed under seal, but were later unsealed pursuant to an order of the Court on or about March 25, 2019. The affidavit in support of the search warrant in case number 8:19-MJ-103 was approximately 158 pages long (excluding exhibits and attachments), and included detailed information regarding the government's investigation.

1

3. On or about March 22, 2019, in case number 8:19-MJ-241, a criminal complaint was filed under seal charging defendant AVENATTI with one count of bank fraud, in violation of 18 U.S.C. § 1344(1), and one count of wire fraud, in violation of 18 U.S.C. § 1343. Judge McCormick issued a warrant for defendant AVENATTI's arrest that same day. The criminal complaint and supporting affidavit were unsealed on March 25, 2019, at the time of defendant AVENATTI's arrest. The affidavit submitted in support of the criminal complaint attached as an exhibit the search warrant application and supporting affidavit in case number 8:19-MJ-103.

4. On or about March 24 and 25, 2019, in case numbers 8:19-MJ-242, 8:19-MJ-243, 8:19-MJ-244, and 8:19-MJ-247, Judge McCormick authorized the following additional search warrants, each of which were filed under seal and remain under seal:

    a. <u>Case No. 8:19-MJ-242</u>: A warrant authorizing the search of 10000 Santa Monica Boulevard, Unit 2205, in Los Angeles, California, which was, at the time, believed to be defendant AVENATTI's residence.[1]

    b. <u>Case No. 8:19-MJ-243</u>: A warrant authorizing the search of 4491 Rainbow Lane in Yorba Linda, California, which was the residence of J.R. J.R. served as the office manager and chief paralegal for defendant AVENATTI and worked for a number of

---

[1] On March 25, 2019, to execute the warrant issued in case number 8:19-MJ-242, IRS-CI agents went to 10000 Santa Monica Boulevard, Unit 2205 in Los Angeles, California, the location identified as the premise to be search in case number 8:19-MJ-242, and learned that defendant AVENATTI had moved from Unit 2205 to Unit 2107. As a result, a new application for a warrant to search Unit 2107, was submitted to Judge McCormick on March 25, 2019, in case number 8:19-MJ-247.

2

defendant AVENATTI's companies, including Eagan Avenatti LLP ("EA LLP").  J.R. has voluntarily cooperated with the government's investigation since the execution of this search warrant.  Based on the evidence collected to date, J.R. is not a target of the government's ongoing investigation.

   c. <u>Case No. 8:19-MJ-244</u>:  A warrant authorizing the search of 1910 West Sunset Boulevard, Suite 450, in Los Angeles, California, which was the business premises of The X-Law Group and a location from which defendant AVENATTI and EA LLP had conducted business.  The X-Law Group and its owner, F.M., have voluntarily cooperated with the government's investigation since the execution of this search warrant.  Based on the evidence collected to date, neither The X-Law Group nor F.M. are targets of the government's ongoing investigation.

   d. <u>Case No. 8:19-MJ-247</u>:  A warrant authorizing the search of 10000 Santa Monica Boulevard, Unit 2107, in Los Angeles, California, which was defendant AVENATTI's residence.

  5. On or about April 10, 2019, in <u>United States v. Avenatti</u>, SA CR No. 19-061-JVS, defendant AVENATTI was charged in a 36-count indictment with wire fraud; willful failure to pay over withheld payroll taxes; endeavoring to obstruct the administration of the Internal Revenue Code; willful failure to file tax returns; bank fraud; aggravated identity theft; and making false declarations and providing false testimony in bankruptcy proceedings.

  6. On or about May 24, 2019, in case number 8:19-MJ-419, Judge McCormick authorized a warrant to search ten digital devices in the custody of IRS-CI, including the computer servers belonging to EA LLP and certain digital devices law enforcement had seized

from defendant AVENATTI during his arrest in the Southern District of New York on March 25, 2019.  The search warrant application and search warrant were filed under seal and remain under seal at this time.

7.   The government sought to file the search warrant applications and search warrants in case numbers 8:19-MJ-242, 8:19-MJ-243, 8:19-MJ-244, 8:19-MJ-247, and 8:19-MJ-419 under seal because at the time the government believed that public disclosure of these materials could negatively impact the government's ongoing investigation, including by providing other subjects of the government's ongoing investigation an opportunity to destroy or tamper with evidence or intimidate witness, and by providing additional witnesses and subjects an opportunity to coordinate their statements prior to being interviewed by IRS-CI.  The government was also concerned that premature public disclosure of the search warrants and search warrant applications would unnecessarily impact the victim-clients right to privacy.

8.   The government anticipates submitting within the next week an application to search a MacBook Pro that law enforcement agents seized from defendant AVENATTI during his arrest in the Southern District of New York on March 25, 2019.  Although the MacBook Pro had been encrypted, in November 2019 law enforcement agents in New York were able to gain access to the device and provided to IRS-CI a forensic image of the device.  The affidavit in support of such a search warrant application would incorporate by reference and attach as exhibits the prior search warrant applications referenced above.

9.   In preparing the application for a warrant to search the MacBook Pro, the government has determined that it will not be

4

necessary to file that particular search warrant under seal and that the factors that justified sealing the prior search warrants and search warrant applications likely no longer apply.

  a. First, the government no longer believes that disclosure of the prior search warrants and search warrant applications would negatively impact the government's ongoing criminal investigation and pending prosecution of defendant AVENATTI in United States v. Avenatti, SA CR No. 19-061-JVS. Given the current status of the government's investigation, it is unlikely that the public disclosure of the information contained in the prior search warrants and search warrant application would provide any other subjects of the government's investigation an opportunity to destroy or tamper with evidence or to intimidate witness. At this time, disclosure of the prior search warrant and application is also unlikely to provide additional witnesses and subjects an opportunity to coordinate their statements prior to being interviewed by IRS-CI.

  b. Second, at this time, the majority of the information contained in the search warrant applications is already publicly known. Although the sealed search warrant applications contain some information that has not yet been publicly disclosed, such information is already known to defendant AVENATTI and other subjects of the government's investigation. Such information is also likely to be publicly disclosed during pre-trial motion practice, which is scheduled to begin within the next two months.

  c. Third, the government believes that unsealing the remaining search warrants and applications is increasingly unlikely to impact the privacy rights of victims and witnesses. The affidavits in support of the prior search warrant applications

referred to victims and witnesses by their initials or other anonymous identifiers to protect their privacy in the event the affidavits were later unsealed by the Court.  The identities of some of defendant AVENATTI's victims and the government's witnesses have also been voluntarily disclosed by the victims and witnesses in other litigation matters and/or reported by the press. Additionally, the only individuals who are specifically named in the prior sealed search warrant applications were J.R. and F.M. (neither of whom are targets of the government's investigation).  However, the identities of J.R. and F.M., their prior relationships to defendant AVENATTI, and their connection to the events at issue in the government's investigation have already been disclosed in other litigation matters and extensively reported in the press.

10.  The government, however, believes there is still a need to maintain under seal the search warrant returns and corresponding inventories filed in case number 8:19-MJ-243 at docket number 6 and in case number 8:19-MJ-244 at docket number 6, because the inventories contain personal identifying information of victims and witnesses and the government's search of those materials is still ongoing.

11.  For the foregoing reasons, the government respectfully requests that the Court unseal the following matters and all documents filed therein, with the exception of the two search warrant inventories identified in paragraph 10 above which should remain sealed at this time:

    a.   Case No. 8:19-MJ-242 (all documents to be unsealed);
    b.   Case No. 8:19-MJ-243 (Dkt. No. 6 to remain sealed; all other documents to be unsealed);

6

        c.    Case No. 8:19-MJ-244 (Dkt. No. 6 to remain sealed; all other documents to be unsealed);

        d.    Case No. 8:19-MJ-247 (all documents to be unsealed); and

        e.    Case No. 8:19-MJ-419 (all documents to be unsealed)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on January 14, 2020.

*/s/ Julian André*
JULIAN L. ANDRÉ

7