NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6683
     Facsimile: (213) 894-6269
     Email:    Julian.L.Andre@usdoj.gov

BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
     Ronald Reagan Federal Building
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone:  (714) 338-3598
     Facsimile:  (714) 338-3708
     Email:    Brett.Sagel@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| In the Matter of the Search Warrants | No. 8:19-mj-000243-DUTY<br>No. 8:19-mj-000244-DUTY<br>No. 8:19-mj-000247-DUTY<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR SECOND EXTENSION OF TIME WITHIN WHICH TO RETAIN AND SEARCH DIGITAL DEVICES; DECLARATION OF JULIAN L. ANDRÉ |
|---|---|

     The United States of America, by and through its counsel of record, Assistant United States Attorneys Brett A. Sagel and Julian L. André, hereby applies for an Order extending by 120 days the time within which the government may retain and search digital devices seized pursuant to a federal search warrant.

This application is based on the attached declaration of Julian L. André and the files and records of this case, including the underlying search warrants and affidavits in support thereof.

Dated: January 16, 2020              Respectfully submitted,

                                              NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


                                                /s/ Julian L. André
                                              JULIAN L. ANDRÉ
BRETT A. SAGEL
Assistant United States Attorneys

Attorneys for Applicant
UNITED STATES OF AMERICA

2

**DECLARATION OF JULIAN L. ANDRÉ**

I, Julian L. André, hereby declare and state:

1. I am an Assistant United States Attorney assigned to this investigation and the related prosecution for the United States Attorney's Office for the Central District of California in <u>United States v. Michael John Avenatti</u>, SA CR 19-061-JVS.

2. This declaration is made in support of a request for an order permitting the government to retain and search, pursuant to the terms of the original warrants in these matters, for an additional 120 days, the following digital devices seized pursuant to the warrants described below (the "SUBJECT DEVICES"):

    a. Based on information provided by the Internal Revenue Service-Criminal Investigation ("IRS-CI"), I understand that the following digital devices were seized on March 25, 2019, from the residence of the former office manager of Eagan Avenatti LLP ("EA LLP") pursuant to the search warrant issued on March 24, 2019, in case number 8:19-MJ-243 (collectively, the "OFFICE MANAGER'S SUBJECT DEVICES"):

        i. HP Z210 (S/N: 2UA1270P8K);
        ii. Apple iPad Pro (S/N: DLXQK5HGMLM);
        iii. Seagate Back-up Plus External Hard Drive (S/N: NA7ZY5P3);
        iv. Lexar USB Flash Drive (S/N: LJDTT16G);
        v. 69 Back-up Tapes;
        vi. Staples 32 USB Flash Drive;
        vii. Staples 32 USB Flash Drive;
        viii. Staples RELA USB Flash Drive;
        ix. Lexar USB Flash Drive;

          x.    DT 101 G2 8GB USB Flash Drive;

          xi.   SunDisk Cruzer Glide 32 GB USB Flash Drive;

          xii.  Western Digital Elements External Hard Drive (S/N: WX61A18LKKBR);

          xiii.   Apple iPad (S/N: DMPHFTC0DVGJ);

          xiv.  Apple iPad (S/N: DKVGTKCDFJ3);

          xv.   Apple iPhone (S/N: F2LVLR32JCLM);

          xvi.  Apple iPhone (S/N: G0PVR4JCL6);

          xvii.   Apple iPhone A1688 (S/N: F17QCQGWGRYK);

          xviii.   Apple iPhone A1688;

          xix.  Apple iPhone (S/N: C6KSDAX9HG74);

          xx.   Apple All-in-One (S/N: QP12102JHSC);

          xxi.  Apple Laptop (S/N: C02G4BE9DJWR);

          xxii.   Apple Laptop (S/N: C02G48EADJWR);

          xxiii.   9 Assorted USB Flash Drives.

    b.   Based on information provided by IRS-CI, I understand that the following digital devices were seized on March 25, 2019, from the business premises of a law firm in Los Angeles, California, pursuant to the search warrant issued on March 24, 2019, in case number 8:19-MJ-244 (collectively, the "LAW FIRM'S SUBJECT DEVICES"):

          i.    Apple iMac (S/N: C02HL268DHJP);

          ii.   Apple iMac (S/N: C02K3FYVDNCV);

          iii.  Apple iMac (S/N: C02K31CRF29N);

          iv.   Apple MacBook Air A1369 (S/N; C02G48ECDJWR);

          v.    Western Digital My Passport External HD (S/N: WXA1AA6CU9FT);

          vi.   SanDisk Cruzer 16 GB USB Flash Drive (S/N: 20051739611D9DF27B58);

                vii. Kingston DataTraveler G3 4GB USB Flash Drive (S/N: 001372998035EAC10579006A);

                viii.   SanDisk Cruzer Blade 8 GB USB Flash Drive (S/N: 4C530001200623123484);

                ix. Meco blue color 16 GB USB Flash Drive (S/N: E1E95AAF);

                x. Meco green color 4 GB USB Flash Drive (S/N: 6169FED8);

                xi. Meco green color 4 GB USB Flash Drive (S/N: N/A);

                xii. Apple iMac (S/N: C02K3GBLDNCV);

                xiii.   Apple MacBook Pro A1286 (S/N: C02F71AZDF8X);

                xiv. Western Digital My Passport External HD (S/N: WX21E42MC238);

                xv. Seagate 1D8APD-500 External HD (S/N: NA5G09NH);

                xvi. Sabrent EC-WU3E External HD (S/N: 80645322701913);

                xvii.   Sabrent EC-WU3E External HD (S/N: 80645322700777);

                xviii.  Seagate 1K9APA-500 External HD (S/N: NA76ZTVE);

                xix. Western Digital My Passport External HD (S/N: WX21A4348935);

                xx. SanDisk 16 GB Ultra USB Flash Drive (S/N: BL130423491B);

                xxi. Apple iMac (S/N: DCPKH4GJFD5V);

                xxii.   SanDisk Ultra 16 GB USB Flash Drive (S/N: 200544567109EA52CC08);

1 xxiii. SanDisk Ultra 16 GB USB Flash Drive (S/N: 2005194526111C080D24C);

3 xxiv. SanDisk Ultra 16 GB USB Flash Drive (S/N: 200443203011C080D240);

5 xxv. SanDisk Cruzer Blade 8 GB USB Flash Drive (S/N: 4C530001070623123492);

7 xxvi. TAC Drive 4 GB USB Flash Drive (S/N: 081127b0e3c015);

9 xxvii. Meco Blue color 16 GB USB Flash Drive (S/N: 5711A830);

11 xxviii. Meco Blue color 16 GB USB Flash Drive (S/N: 421A19E8);

13 xxix. Apple iMac (S/N: DCPLC0QEFD5T).

14 c. Based on information provided by IRS-CI, I understand that the following digital devices were seized on March 25, 2019, from MICHAEL JOHN AVENATTI's residence pursuant to the search warrant issued that same day in case number 8:19-MJ-247 (collectively, "AVENATTI'S SUBJECT DEVICES"):

19 i. Western Digital My Passport Ultra External HD (S/N: WX71AB37592);

21 ii. Generic chrome color USB Flash Drive;

22 iii. San Disk Ultra USB 3.0 USB Flash Drive;

23 iv. Apple iPad (S/N: F4PL3F93F193);

24 v. Apple iPad (S/N: F4NL4GVBF193);

25 vi. Apple iPhone SE (IMEI 358542078484242, S/N: DX3V8AV7HTVK);

27 vii. Apple iPhone 8 (IMEI 356701086244004);

28

4

          viii.    ZTE Phone Z981 (S/N: 326675923515, IMEI: 865994033840404);

          ix.    Apple iMac (S/N: D25SD04VGG7V).

    d.    Collectively, the "SUBJECT DEVICES" consist of the OFFICE MANAGER'S SUBJECT DEVICES, the LAW FIRM'S SUBJECT DEVICES, and AVENATTI'S SUBJECT DEVICES.

    3.    On February 22, 2019, IRS-CI Special Agent ("SA") Remoun Karlous obtained a federal search warrant issued by the Honorable Douglas F. McCormick, United States Magistrate Judge, in case number 8:19-mj-103-DUTY, authorizing the search of Seven Digital Devices in the Custody of the Internal Revenue Service-Criminal Investigation in Laguna Niguel, California (the "GBUS SUBJECT DEVICES").

    4.    On March 24, 2019, and March 25, 2019, SA Karlous and IRS-CI SA Leia R. Bellis obtained additional federal search warrants issued by Judge McCormick authorizing the search of three locations, including the residence of Michael John Avenatti, the residence of the former office manager of EA LLP, and the offices of a law firm in Los Angeles, California, including the digital devices found at those locations, the SUBJECT DEVICES. (8:19-mj-243-DUTY, 8:19-mj-244-DUTY, 8:19-mj-247-DUTY.)[1]

---

[1] The government obtained a search warrant on March 24, 2019, to search what was believed to be AVENATTI's residence in case number 8:19-mj-242-DUTY, but learned on March 25, 2019, that AVENATTI changed Units within the same apartment complex. The government therefore obtained a new warrant on March 25, 2019, with the correct Unit number in case number 8:19-mj-247-DUTY. In the undersigned's declaration accompanying the application to extend the time to search the digital devices pursuant to the search warrant in 8:19-mj-103-DUTY, the undersigned mistakenly stated that SA Karlous obtained the search warrants on March 24, 2019, and March 25, 2019, when in fact, SA Bellis obtained the search warrant on March 25, 2019, in 8:19-mj-247-DUTY. As the government only executed the search warrant in case number 8:19-mj-247-DUTY, and not in case number 8:19-mj-242-DUTY, the

5. On May 24, 2019, SA Karlous obtained another federal search warrant issued by Judge McCormick authorizing the search of ten digital devices obtained by IRS-CI, including the server for EA LLP. (8:19-mj-419-DUTY.)

6. The applications for the warrants and the warrants themselves described in paragraphs 3-5 above, are incorporated herein by reference. All of the warrants require special procedures for handling potentially privileged information and require both a privilege review by a Privilege Review Team and a scope review by a Search Team or the Privilege Review Team. The warrants for the SUBJECT DEVICES in case numbers 8:19-mj-243-DUTY, 8:19-mj-244-DUTY, 8:19-mj-247-DUTY, required the Privilege Review Team and the Search Team to complete the search pursuant to the warrant within 180 days from the date of the execution of the warrant. The warrants allowed the government to search such devices for evidence of violations of 26 U.S.C. § 7201 (attempt to evade or defeat tax); 26 U.S.C. § 7202 (willful failure to collect or pay over tax); 26 U.S.C. § 7203 (willful failure to pay tax or file return); 26 U.S.C. § 7212 (interference with administration of internal revenue laws); 18 U.S.C. § 152 (concealment of assets in bankruptcy); 18 U.S.C. § 157 (bankruptcy fraud); 18 18 U.S.C. § 371 (conspiracy); 18 U.S.C. § 1001 (false statements); 18 U.S.C. § 1014 (false statement to a bank or other federally insured institution); 18 U.S.C. § 1028A (aggravated identity theft); 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. § 1344 (bank fraud); and 18 U.S.C. § 1957 (money laundering).

---

government is only seeking an extension in case number 8:19-mj-247-DUTY.

6

7.  Based on information provided by IRS-CI, I understand that the OFFICE MANAGER'S SUBJECT DEVICES contain approximately 2 TB of data; the LAW FIRM'S SUBJECT DEVICES contain approximately 12 TB of data; and AVENATTI'S SUBJECT DEVICES contain approximately 2 TB of data.  I have been told that the total amount of digital data obtained through all of the search warrants described in paragraphs 3-5 above is approximately 25 TB.  Privilege and scope reviews of the SUBJECT DEVICES will continue over the next few months, along with other evidence from the various search warrants.

8.  On July 22, 2019, the government filed a status report with the Honorable James V. Selna, United States District Court Judge, detailing the process and the work that has been done to search all of the digital devices seized pursuant to the various search warrants authorized in this case.  <u>United States v. Avenatti</u>, SA CR 19-061-JVS, Doc. 49, which is incorporated herein by reference.  The government has prioritized the EA LLP digital devices, specifically the EA LLP server, during its review, which both the government and defendant seem to agree should be the priority for review.  I have been told that the EA LLP server contains approximately 10 TB of data, including approximately 3.5 TB of data on the email server and approximately 6.5 TB of data on the file server.

9.  On August 23, 2019, Judge McCormick issued an Order extending by 120 days the time within which the government may retain and search the GBUS SUBJECT DEVICES pursuant to the search warrant in 8:19-mj-103-DUTY.

10.  On September 20, 2019, Judge McCormick issued an Order allowing a 120-day extension of time within which to retain and search the SUBJECT DEVICES.

7

11. On November 21, 2019, Judge McCormick issued an order allowing a 120-day extension of time within which to retain and search the ten digital devices in the possession of IRS-CI, including the EA LLP server, pursuant to the search warrant in 8:19-mj-419-DUTY.

12. This is the second request for an extension to retain and search the SUBJECT DEVICES. The current deadline by which the government must complete its review of the SUBJECT DEVICES is January 19, 2020.

13. Based on information provided on November 27, 2019, and January 10, 2020, by the Privilege Review Team attorneys on this matter, I understand that substantial progress has been made on the search and review of the digital devices pursuant to the search warrants described above, including the following:

    a. Scope and privilege review of all of the tablets and phones found at the residence of the former office manager of EA LLP have been completed, which included approximately three iPads and seven iPhones. Accordingly, the government is not seeking an extension of time to search those digital devices and has excluded them from the corresponding proposed order. The Privilege Review Team, however, is still in the process of reviewing the remaining devices found at the office manager's residence for both scope and privilege.

    b. A scope review has been completed of the two tablets, three phones, and two USB drives found at AVENATTI's apartment, and no privilege review was necessary on these devices as nothing within scope of the warrant was found on the devices. Accordingly, the government is not seeking an extension of time to search those seven

8

1  digital devices and has excluded them from the corresponding proposed
2  order.  The Privilege Review Team, however, still in the process of
3  reviewing the remaining devices found at the Avenatti's residence for
4  both scope and privilege, including an IMac which IRS-CI had been
5  unable to access until December 2019 because it was previously
6  encrypted.
7           c.   The Privilege Review Team is still in the process of
8  reviewing the LAW FIRM'S SUBJECT DEVICES for both scope and
9  privilege.  The Prosecution Team has provided the Privilege Review
10 Team with additional factual information that may allow the Privilege
11 Review Team to narrow its review of the LAW FIRM'S SUBJECT DEVICES.
12          d.   The EA LLP servers that were part of the items to be
13 searched pursuant to the May 24, 2019, search warrant, contained
14 approximately 16,741,000 files.  After using date restrictions and
15 other filters, approximately three million files were sent to the
16 company processing the data for the Privilege Review Team to review
17 for scope and privilege.  After conducting a further analysis of the
18 data and applying refined scope search terms, the Privilege Review
19 Team was able to substantially narrow the volume of documents to be
20 reviewed.  As of January 10, 2020, the Privilege Review Team advised
21 the Prosecution Team it has approximately 210,000 documents left to
22 be reviewed.  To date, the Privilege Review Team has released
23 approximately 21,494 documents from the EA LLP server to the
24 Prosecution Team.
25          e.   As of November 27, 2019, the Privilege Review Team had
26 produced over 53,000 documents to defendant's counsel based on their
27 requests for documents from the EA LLP servers.  I understand that
28 the Privilege Review Team expects to be producing additional

9

documents to the defense in the coming weeks.  When the Privilege Review Team meets with and/or produces documents to defendant based on his and his counsel's requests, it limits the time and resources the Privilege Review Team has to complete the review process set forth in the underlying search warrants.

14.  For the following reasons, the government is requesting an additional 120 days to complete its review of the SUBJECT DEVICES:

a.  The forensic review of digital devices is extremely time consuming, and the need to conduct special search procedures for handling potentially privileged information requires additional time. Agents cannot simply turn on computers and review their contents because merely turning on a computer and reviewing its contents changes the data on the computer.  Specialized computer software is therefore needed to ensure that evidence remains in a pristine and usable condition, and is not affected by the review process.  The review also must be conducted by agents who have received specialized training to ensure that the review is done thoroughly and in a forensically sound fashion.  This process takes substantial time.

b.  The SUBJECT DEVICES contain approximately 16 TB of information, but the Privilege Review Team is simultaneously reviewing approximately 25 TB of information from numerous digital devices obtained pursuant to several search warrants.  Based on what I have been told, 1 TB of data could contain the equivalent of 75 million pages of documents; therefore, the agents could potentially be dealing with the equivalent of over a billion pages of documents.

c.  As the primary target of the investigation is an attorney and most of the information obtained through the various search warrants contain potentially privileged information, the

privilege review of all of the digital devices takes a substantial amount of time to ensure that privileged material is segregated and not shared with the investigative and prosecutorial team.

       d.  Due, in large part, to the number of other digital devices the Privilege Review Team and Search Team must process and review in connection with this investigation and pending prosecution, and the need to prioritize the search of the EA LLP server and other EA LLP devices, it is taking a considerable amount of time to complete the privilege and scope review of the SUBJECT DEVICES. Both the Privilege Review Team and Search Team, however, have made considerable progress in processing and reviewing all of the digital evidence collected to date.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on January 16, 2020.

                                                 */s/ Julian André*
                                     JULIAN L. ANDRÉ